Ben T. Sather
SATHER LAW, PLLC
2301 Montana Ave., Ste. 202
P.O. Box 1115
Billings, MT  59103
Telephone: (406) 294-1700
Facsimile:  (406) 794-0673
ben@satherlawfirm.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| MELBA SUE JOHNSON, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **PLAINTIFF'S COMPLAINT AND** |
| ECONOMICAL INSURANCE d/b/a | ) **DEMAND FOR JURY TRIAL** |
| ECONOMICAL MUTUAL | ) |
| INSURANCE COMPANY and JOHN | ) |
| and JANE DOES 1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Melba Sue Johnson ("Johnson"), by and through her counsel, Ben T. Sather, Sather Law, PLLC, and for her Complaint against the Defendants states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Melba Plaintiff Melba Sue Johnson is a resident of Kaufman County, Texas.

2. Upon information and belief, Defendant Economical Insurance is a Canadian corporation doing business as Economical Mutual Insurance Company, with its head office and/or principal place of business in Waterloo, Ontario, Canada.

3. John and Jane Does 1-10 are entities and/or claims adjusters or handlers not yet identified who may be liable for damages claimed and will be substituted as discovery progresses.

4. Plaintiff alleges the amount in controversy is in excess of $75,000.00.

5. This court has jurisdiction over the parties and this matter by virtue of 28 U.S.C. § 1332(a)(2). Venue is proper in the Missoula Division pursuant to L.R. 1.2(c)(5).

## STATEMENT OF FACTS

6. On or about August 12, 2014, Plaintiff was injured in a clear liability automobile accident involving Defendant Economical Insurance's insured, Adam Boykiw, while in the course and scope of his employment for Re-em Transportation, LTD and/or 1338023 Alberta, LTD.

7. The August 12, 2014, crash was captured on dash cam video. As the parties approached in opposite directions on two-lane highway US-2, the 18-wheeler driven Mr. Boykiw failed to negotiate the curve and his rear pup trailer crossed the center line striking the Dodge pickup in which Plaintiff was a passenger.

8. Plaintiff was a passenger in the back seat of the Dodge. The force of the collision caused Plaintiff to be thrown to the front of the cab and injured her head, neck and upper body. The crash was severe, caused all airbags to deploy and totaled the pickup Plaintiff was travelling in.

9. Mr. Boykiw, Re-Em Transportation Services, LTD, and 1338023 Alberta, LTD were liable for all of Plaintiff's injuries.

10. Liability for the collision was clear under Montana law.

11. Sometime after the collision, Plaintiff initiated an insurance claim for personal injuries for the damages sustained as a result of the collision.

12. Plaintiff submitted a demand for settlement on June 15, 2015, via written letter from Plaintiff's counsel Russ Briggs of Houston, Texas, in the amount of $850,000.00.

13. On October 28, 2015, Defendant Economical Insurance made an offer to settle Plaintiff's lawsuit for the total sum of $178,302.86. This amount was

reached by as follows: General Damages of $50,000.00, "Housekeeping" of $5,000.00 and Special Damages of $123,302.86.

14. Plaintiff filed suit against Re-Em Transportation Services, LTD, 1338023 Alberta, LTD and Adam Boykiw on March 24, 2016. The lawsuit was identified as Cause No. CV 16-49-M-DLC-JCL, and was filed in the United States District Court for the District of Montana, Missoula Division.

15. In her lawsuit, Plaintiff asserted that liability was reasonably clear with respect to all of the named defendants.

16. The defendants in the underlying action denied liability for the collision of August 12, 2014, in which Plaintiff was injured.

17. The underlying lawsuit was eventually settled and resolved on June 15, 2017. Plaintiff settled her claims against Re-Em Transportation Services, LTD, 1338023 Alberta, LTD and Adam Boykiw, for an amount substantially higher than what the Defendants originally offered.

18. Despite the overwhelming evidence establishing the liability of the underlying defendants Re-Em Transportation Services, LTD, 1338023 Alberta, LTD and Adam Boykiw, Defendant Economical Insurance denied liability of this claim up until the time of settlement.

19. From the time of Plaintiff's demand to the time of the eventual settlement, Plaintiff incurred costs of litigation, attorney fees and devoted a substantial amount of time and effort to the underlying litigation.

20. The underlying claim settled for an amount substantially higher than the Defendants' original offer made to the Plaintiff.

21. Plaintiff was deprived of the use of the funds set forth in Paragraph 18 since the time of the original demand (June 15, 2015) to the date of the settlement (June 15, 2017).

## COUNT I
## VIOLATION OF MONTANA UNLAWFUL TRADE PRACTICES ACT STATUTORY THIRD-PARTY INSURANCE BAD FAITH

22. Plaintiff incorporates each and every allegation contained in Paragraphs 1-21.

23. Defendants are subject to the restrictions imposed by § 33-18-201, MCA, by virtue of § 33-18-242(1), MCA.

24. Plaintiff's underlying claim against Defendants' insureds has been settled in favor of the Plaintiff.

25. Defendants refused to pay Plaintiff's claims without conducting a reasonable investigation based upon all available information.

26. Defendants failed to promptly settle claims in this case, after liability had become reasonably clear.

27. As a proximate result of Defendants' bad faith, Plaintiff has suffered damages.

28. Defendants knew about, or intentionally disregarded the facts of, Plaintiff's emotional distress caused by the stress of protracted litigation caused by the failure of Defendants to make a good faith effort to settle the case in good faith.

29. Defendants' conduct constituted actual malice in that they had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Plaintiff and deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to the Plaintiff.

30. Defendants violated § 33-18-201(4), MCA, by refusing to pay a claim against it without conducting a reasonable investigation based upon all available information. Instead, Defendants interpreted the available information in a light wholly favorable to it and made a self-serving decision that it had no liability to Plaintiff. Pursuant to § 33-18-242, MCA, Defendants are liable to Plaintiff for (i) all damages caused by their violation of § 33-18-201(4), and (ii) exemplary damages.

31. Defendants violated § 33-18-201(6), MCA, as they neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in this case after liability had become reasonably clear. Pursuant to § 33-18-242, MCA, Defendants are liable to Plaintiff for (i) all damages caused by their violation of § 33-18-201(6), and (ii) exemplary damages.

32. Defendants violated § 33-18-201(13), MCA, by failing to promptly settle Plaintiff's personal injury claims against the underlying defendants, when liability was reasonably clear, in order to influence settlement of future bad faith claims. Pursuant to § 33-18-242, MCA, Defendants are liable to Plaintiff for (i) all damages caused by their violation of § 33-18-201(13), and (ii) exemplary damages.

33. In denying liability and forcing the Plaintiff to pursue litigation, Defendants acted with malice. Pursuant to §§ 27-1-221 and 33-18-242, MCA, exemplary damages should be imposed upon Defendants to deter them and others similarly situated from similar misconduct in the future and to punish Defendants for their misconduct and violations of § 33-18-201, MCA. Plaintiff seeks punitive damages in an amount to be determined by the jury.

34. As a result of Defendants' actions set forth above, Plaintiff has suffered economic losses, costs, expenses and other reasonably foreseeable incidental and consequential damages, including, but not limited to, serious emotional distress and other associated damages and compensable injuries.

## COUNT II
## COMMON LAW BAD FAITH CLAIM

35. Plaintiff incorporates each and every allegation contained in Paragraphs 1-34.

36. Defendants acted in bad faith, with malice, and breached their duty of good faith and fair dealing by failing and refusing to investigate, negotiate, and settle Plaintiff's claims in a reasonable and timely manner.

37. As a result of Defendants' bad faith and breach of their duty of good faith and fair dealing, Plaintiff has suffered economic losses, costs, expenses and other reasonably foreseeable incidental and consequential damages, including, but not limited to, serious emotional distress and other associated damages and compensable injuries.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For judgment in favor of Plaintiff and against Defendants, pursuant to the Unfair Claim Settlement Practices Act, §§ 33-18-201 and 33-18-242(1), *et seq.*, MCA., representing the actual damages incurred as a result of Defendants' bad faith settlement practices;

2. For all damages incurred by Plaintiff, including all economic damages, damages for emotional distress and mental anguish, damages for loss of established course of life and all other compensatory damages, which Plaintiff is reasonable entitled to recover as a result of her claims herein as provided for pursuant to the Unfair Claim Settlement Practices Act, §§ 33-18-201 and 33-18-242(4), *et seq.*, MCA;

3. For all costs and expenses of suit as allowed by law.

4. For punitive damages as allowed by law.

5. For attorney's fees as allowed by law.

6. For pre- and post-judgment interest at the legal rate.

7. For such further and additional relief which seems just and equitable to the Court.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED this 8th day of June, 2018.

> By: /s/ Ben T. Sather
> Ben T. Sather
> SATHER LAW, PLLC
> 2301 Montana Ave., Ste. 202
> P.O. Box 1115
> Billings, MT  59103
> Telephone: (406) 294-1700
> Facsimile:  (406) 794-0673
> ben@satherlawfirm.com
> *Attorneys for Plaintiff*